### LITTLEJOHN v. LEFFINGWELL et al.

(Supreme Court, Appellate Division, Second Department. November 22, 1898.)

1. PROCESS—PUBLICATION—VALIDITY.

    The validity of an order of publication is not destroyed by the existence of a prior order of publication, where, on a motion to vacate it for insufficiency of the affidavits, plaintiff, out of caution, procured such second order.

2. SAME—SUFFICIENCY OF ORDER.

    Code Civ. Proc. § 440, providing that an order of publication shall contain a direction that "the plaintiff deposit in a specified post office, one or more sets of copies of the summons, complaint, and order, * * * directed to the defendant, at a place specified in the order," is complied with by an order directing him to "deposit, in the post office in the city of Brooklyn, a set of copies of the summons and complaint in this action and of this order, * * * directed to the said defendants [naming them] at Cairo, Egypt."

3. SAME—COMMENCEMENT OF ACTION.

    Under Code Civ. Proc. §§ 182, 183, providing that a sheriff-elect, who has qualified, shall receive from the clerk a certificate, and on the commencement of his term and service of the certificate on the outgoing sheriff the powers of the latter shall cease, mailing a summons on December 30th to an outgoing sheriff, who received it on January 1st, after his successor was entitled to the office, but before he had taken possession or served the certificate, is an attempt to commence an action, within section 399, providing that such an attempt shall be equivalent to the commencement thereof, within the meaning of that act, when the summons is delivered, with intent that it shall be actually served, to the sheriff, provided that within 60 days personal service or service by publication be had.

4. SHERIFFS—POWERS OF OUTGOING SHERIFF—RECEIVING PROCESS.

    For the purpose of receiving summons to be served, an outgoing sheriff, retaining possession of the office after his successor is entitled to it, may be deemed the latter's agent.

Appeal from special term, Kings county.

Action by Margaret E. Littlejohn against Lucy A. L. Leffingwell and another. From an order denying a motion to vacate an order of publication against them, and an order denying a motion to vacate service of the summons under said order of publication, defendant Leffingwell and another appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry B. Hathaway, for appellants.

William E. Warland, for respondent.

WILLARD BARTLETT, J. We will consider, in the order in which they are presented in the appellants' brief, the several objections which are made to the order of publication, which the court below has refused to vacate.

1. The first objection is that the order of publication was irregular, because at the time it was granted a prior order of publication was still in force. We do not think that this objection is fatal. The plaintiff's attorney had obtained an order of publication, and had received notice that the defendants would move to vacate it on account of the insufficiency of the affidavits upon which it had been granted. Fearing that such affidavits might not be sufficient to uphold the order against the attack thus threatened, the attorney, to guard his clients against the mischance of having the first order adjudged defective, obtained the order of publication in question on this appeal. It seems to us that, under the circumstances, his conduct in so doing should be commended as the adoption of a wise precautionary measure, instead of being held prejudicial to the validity or regularity of the second order. It is to be borne in mind that there is no question here of the oppressive use of either order.

2. It is argued that the order of publication does not comply with the requirements of the Code in respect to the directions which it must contain. It directs that "the plaintiff deposit, in the post office in the city of Brooklyn, a set of copies of the summons and complaint in this action, and of this order, * * * directed to the said defendants, Lucy A. Littlejohn Leffingwell and Elisha Dyer Leffingwell, at Cairo, Egypt." Section 440 of the Code of Civil Procedure prescribes that such an order must contain a direction that "the plaintiff deposit in a specified post office, one or more sets of copies of the summons, complaint, and order, * * * directed to the defendant, at a place specified in the order." We think this language was a substantial compliance with the law. The direction was broad enough to authorize a set of copies of the papers to be sent to each of the absent defendants, and it seems that this was actually done.

3. It is contended that the affidavits failed to show due diligence in attempting to serve the defendants personally within the state. We have carefully examined the papers on this point, and, without reviewing here in detail the facts which are stated in the affidavit, we are satisfied that they were amply sufficient to give the court jurisdiction.

4. The case was one in which it was necessary to show that an attempt had been made to commence the action against the defendants by delivering the summons to the sheriff of Schuyler county prior to the 3d day of January, 1898, and the appellants contend that the proof fails to show any delivery whatever of the summons to the sheriff for service. It appears that on the 30th day of December, 1897, the summons was mailed to Alva S. Fitzgerald, then sheriff of Schuyler county, but that it did not reach him until the 1st day of January, 1898. At that time a successor was entitled to the office of sheriff, but had not yet taken possession of the same, or served upon Mr. Fitzgerald the certificate required by sections 182 and 183 of the Code of Civil Procedure. Those sections read as follows:

"Sec. 182. Where a new sheriff has been elected or appointed, and has qualified and given the security required by law, the clerk of the county must

furnish to the new sheriff a certificate, under his hand and official seal, stating that the person so appointed or elected, has so qualified and given security.

"Sec. 183. Upon the commencement of the new sheriff's term of office, and the service of the certificate on the former sheriff, the latter's powers as sheriff cease, except as otherwise expressly prescribed by law."

These provisions are substantially the same as those contained in the old Revised Statutes. 2 Rev. St. p. 438, §§ 67, 68. The Revised Statutes prescribed, just as the Code does, that, upon the service of the certificate upon the former sheriff, his powers as sheriff, except when otherwise expressly provided by law, shall cease. This provision was interpreted by the old supreme court to mean that, until the certificate of the clerk was served upon the old sheriff, he had authority to execute process placed in his hands as sheriff, and that the powers of the old sheriff did not cease until the powers of the new sheriff became complete. Curtis v. Kimball, 12 Wend. 275. This construction is just as applicable to the Code as it was to the Revised Statutes, and it makes the delivery of the summons in this case to Mr. Fitzgerald an attempt to commence an action, within the meaning of section 399 of the Code of Civil Procedure.

There is another view in which the delivery may be deemed sufficient. If there were no question of a certificate in the case at all, it might fairly be held that Mr. Fitzgerald, retaining possession of the office of sheriff, as he did, at the time he received the summons, and awaiting the advent of the new sheriff, was the agent of the latter in receiving such process as came into his hands until the transfer of the office was complete.

5. Finally, we are asked to vacate the order of publication on the ground that the complaint upon which it is founded does not set out a sufficient cause of action against the defendants to be served. The complaint cannot be regarded as insufficient to warrant the granting of some relief to the plaintiff without adopting a highly stringent and technical construction of the pleading,—more stringent and technical than we think is fairly justified by the language of the pleader.

The order appealed from is affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.